IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Action No.   1:17-cv-1249

GLOBAL MERCHANDISING SERVICES, LTD.,

        Plaintiff,

vs.

JOHN DOES 1-100, JANE DOES 1-100,
and XYZ COMPANY,

        Defendants.

---

COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT

---

Plaintiff, Global Merchandising Services, Ltd., files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1338(a), (b).  Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2.    Global Merchandising Services, Ltd., ("Plaintiff") is an English limited liability corporation with its principal United States place of business in Los Angeles, California.

3.    Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time.

1

This complaint will be amended when their true names and capacities are ascertained. Upon information and belief, the individual defendants will be present in and about the District of Colorado, Denver in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

4. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Colorado, Denver and is or will be subject to the jurisdiction of this Court.

5. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

6. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performers, including but not limited to T-shirts, jerseys, sweatshirts, hats, buttons, posters and tour books, (collectively "Merchandise") which contain the trademarks, service marks, likenesses, logos and other indicia of musical performers.

7. "ROGER WATERS" (the "Artist") is the trademark used by this Artist of the same name in connection with his performing, recording, merchandising and other related goods and services in all aspects of the entertainment industry and to distinguish him from all other such performers. The Artist has used his marks in connection with his goods and services for over 30 years.

2

8. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses, logos and other indicia of the Artist (collectively, the "Artist's Trademarks") on and in connection with Tour Merchandise ("Authorized Tour Merchandise") sold and offered for sale in the vicinity of the Artist's present United States tour (the "Tour").

9. The Artist has used his Artist's Trademarks to identify officially authorized goods and services in interstate commerce and to distinguish his marks from those of others by, among other things, prominently displaying the Artist's Trademarks on the Authorized Tour Merchandise (such as T-shirts and other apparel).

10. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, and has been seen and heard in concert by millions of popular music enthusiasts.

11. As a result of the foregoing, each of the Artist's Trademarks has developed and now possesses secondary and distinctive meaning to purchasers of Authorized Tour Merchandise bearing any or all of the Artist's Trademarks. Plaintiff and the Artist annually realize substantial income from the sale of the Authorized Tour Merchandise bearing the Artist's Trademarks.

12. On Saturday, June 3, and Sunday June 4, 2017 at the Pepsi Center in Denver, Colorado, the Artist will perform (the "Concerts") and thereafter throughout the United States. Authorized Tour Merchandise bearing any or all of the Artist's Trademarks will be sold throughout the United States in connection with the Tour, including at the Concerts. The Artist is very popular, so many performances on this Tour are sold out or nearly sold out.

## DEFENDANTS' UNLAWFUL CONDUCT

13.  Defendants will sell and distribute unauthorized, infringing T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Infringing Merchandise") in the vicinity of the Concerts, before, during and after the Concerts and at subsequent concerts during the Tour.

14.  The Infringing Merchandise is of the same general appearance as Plaintiff's Authorized Tour Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Infringing Merchandise is not authorized by the Artist or Plaintiff. The Infringing Merchandise sold by Defendants is generally of inferior quality.

15.  The manufacture, distribution and sale of Infringing Merchandise is likely to injure the reputation of the Artist which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and its Authorized Tour Merchandise.

16.  The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale and distribution of such Infringing Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Infringing Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true.  It also injures Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

17.  The aforesaid manufacture, distribution and sale of Infringing Merchandise bearing the any or all of the Artist's Trademarks constitutes a false designation of the source of origin of such goods and falsely describes and represents such merchandise.  The use by Defendants and


others of the Artist's Trademarks also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

18. Upon information and belief, Defendants and others have and will continue to engage in such infringing activities in this State and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

19. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## CLAIM FOR RELIEF
### (Violation of the Lanham Act)

20. Plaintiff realleges each allegation set forth in the paragraphs above.

21. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Infringing Merchandise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A. As to All Claims For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, service marks, likenesses, logos and other indicia of the Artist or any colorable variation or imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for

sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

   B. As to All Claims For Relief, that this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Infringing Merchandise which the Defendants attempt to sell, distribute or hold for sale at within or in the vicinity of the Artist's concerts on the Tour, including whether this occurs before, during or after the concerts.

   C. That Defendants deliver up for destruction any and all Infringing Merchandise.

   D. As to All Claims For Relief, that Defendants pay to Plaintiff damages in an amount to be determined.

   E. As to All Claims For Relief, that Plaintiff be awarded its costs, attorney's fees and such other and further relief as the Court deems to be just and proper.

Dated: May 24, 2017     Respectfully Submitted
             /s Cara R. Burns
            Cara R. Burns
            Hicks, Mims, Kaplan & Burns
            2800  28th Street, Suite 383
            Santa Monica, CA 90405
            Telephone: (310) 314-1721
            FAX: (310) 314-1725
            Email: cburns@hmkblawyers.com
            Attorney for Plaintiff